DAVIS *v.* LOUIS G. PALMER CO.

1. LANDLORD AND TENANT—BREACH OF LEASE—DAMAGES.
   Where lessee was in default in payment of rent, restitution awarded lessor in summary proceeding ended tenancy but did not preclude lessor's recovering damages subsequent to such lawful eviction.

2. SAME—STIPULATED DAMAGES—WAIVER—SUMMARY PROCEEDINGS.
   Where lease required lessee to deposit with lessor certain sum which was to be retained by lessor as damages in case of lessee's failure to perform, damages occasioned by lessee's breach was not waived nor right to retain said sum as stipulated damages precluded by lessor's bringing summary proceedings and obtaining judgment of restitution.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 13, 1933. (Docket No. 150, Calendar No. 36,970.) Decided March 1, 1933.

·  Assumpsit by Lawrence Davis, doing business as Davis Motor Sales, against Louis G. Palmer Company, a Michigan corporation, to recover a deposit made under a lease. Judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*Ben C. Hughes,* for plaintiff.

*Leonard F. Donaldson,* for defendant.

WIEST, J. A five-year lease of certain premises, executed by defendant as lessor and plaintiff Davis and his then copartner Herman J. Teal, as lessees, contained the following agreement:

"To insure the faithful performance of the covenants herein contained, parties of the second part herewith deliver to the party of the first part the sum of $1,250, it being understood that in the event of any loss or damage arising out of the failure on the part of the parties of the second part to perform said covenants herein contained, said sum of $1,250 shall be retained by the party of the first part as damages, but it is expressly understood and agreed that acceptance of the above-named sum of $1,250 does not constitute a waiver by the party of the first part of its right to collect additional damages when such damages arising out of said failure or default on the part of the parties of the second part shall be in excess of the above-named sum of $1,250. In the event of the faithful performance of the covenants herein contained by said parties of the second part, said sum of $1,250 shall be applied as payment for the rent due for the last four and one-sixth months of the term of this lease."

Mr. Teal assigned his interest in the lease to Mr. Davis, and Mr. Davis, as lessee, made default in payment of the rent for one month, and the lessor gave notice to quit or pay the rent. This was in

accord with right reserved to the lessor in the lease. The rent not having been paid, the lessor brought a summary proceeding, was awarded restitution of the premises together with a finding of $600 rent due. Mr. Davis then brought this suit to recover the mentioned deposit, less the rent found due in the summary proceeding. Defendant contends that the right to damages survived forfeiture of the lease by notice and judgment for restitution of the premises. The trial judge awarded plaintiff a judgment for the sum in defendant's hands over and above the rent found due in the summary proceeding. The restitution awarded in the summary proceeding ended the tenancy of plaintiff, but did not preclude recovering damages subsequent to such lawful eviction.

In *Central Trust Co.* v. *Wolf,* 255 Mich. 8 (78 A. L. R. 843), we said:

"Generally, re-entry by the lessor and surrender by the lessee in obedience to writ of restitution precludes recovering damages subsequent to eviction. But the parties may contract that the provision of the lease for damages upon termination of the lease because of default of the lessee shall survive the restitution of the premises."

We there cited *Barrett* v. *Monro,* 69 Wash. 229 (124 Pac. 369, 40 L. R. A. [N. S.] 763), a case on all fours with the one at bar. There the lease was for a five-year term with rent payable monthly in advance. The lessee deposited with the lessors the sum of $1,200, relative to which the lease contained the following material stipulations:

"Party of the second part hereby agrees at the time of the execution of this lease to pay to the parties of the first part the sum of $1,200, which sum shall be held by the parties of the first part to

indemnify them against any loss or damage which they may sustain by reason of any violation on the part of the party of the second part of the terms, covenants, and agreements contained in this lease as liquidated damages.

"If said party of the second part faithfully performs and complies with all the conditions, stipulations and agreements contained in this lease on his part to be performed, then the parties of the first part agree to apply said $1,200 in payment of the monthly rental due for the last two months of the part of this lease."

Notice to pay the rent or surrender the premises was given. The default of the lessee continued. An action of unlawful detainer was brought and a writ of restitution obtained. Then the lessee brought suit to recover the $1,200. We quote from the opinion:

"Defendants as lessors asserted their right to retain the $1,200 in satisfaction of their liquidated damages, as agreed in the lease, while plaintiff insisted that the deposit was made as security for payment of rent only, and not to satisfy liquidated damages.    *    *    *

"Respondent (lessee) contends that the deposit was to secure payment of the monthly instalments of rent as they matured; that appellants (lessors) themselves terminated the lease; that thereafter they were entitled to no rent; that they resumed possession; that they succeeded to the occupancy and use of the property; and that they cannot retain possession and appropriate the $1,200 as liquidated damages.    *    *    *

"It was respondent's duty to make the stipulated monthly payments. Her failure constituted an unquestioned breach of the contract which subjected her to a termination of the lease and payment of the stipulated liquidated damages. When her breach

occurred, appellants were entitled to give the statutory notice to terminate the tenancy in the event of her continued default, and thereafter retain the deposit in satisfaction of their liquidated damages. They were not required to permit a continuance of the default, and thus increase their damages to such an extent that the liquidated sum would be insufficient to protect them. The contract has no such purpose in view. It is manifest that the parties agreed upon liquidated damages because their exact measurement could not be readily made. The sum agreed upon is not unreasonable, in view of the value and importance of the entire lease. The term had more than three years to run when respondent's default occurred. At the date of the lease and also at the date of respondent's breach, it was impossible to determine the exact damages appellants might thereafter sustain in loss of rentals, or by reason of their inability to secure another tenant for a portion of the term at as remunerative a rental. Realizing this difficulty of making an exact measurement of such damages, should a breach occur, and appreciating the fact that appellants might incur expense in recovering possession, in securing new tenants, in the possible necessity of making expensive changes or improvements as a condition precedent to obtaining a new tenant, and also in the possible depreciation of rental value, the parties agreed upon $1,200 as liquidated damages. * * *

"The fallacy of respondent's argument lies in her assumption that the $1,200 was advanced as security only. She ignores the probable contingency that a loss of the tenancy might cause damage to appellants difficult of ascertainment, whether termination of the tenancy resulted from a wrongful and voluntary surrender by respondent or from respondent's default in payment of rent, coupled with appellants' election to then terminate the lease. By exercising their election to terminate the lease, appellants did

not waive their right to retain the liquidated damages. The default which caused such termination originated with respondent.  *  *  *  Unquestionably it (the lease) would not have been made without the deposit of $1,200 coupled with the stipulation that it should be applied as liquidated damages in the event of the lessee's breach. Appellants were entitled to retain the $1,200 in satisfaction of their liquidated damages.''

In the case at bar, the lessees operated an automobile sales establishment on premises adjoining the leased premises. Upon the leased premises were buildings and the lessor contemplated remodeling so as to have two stores on the ground floor and apartments above and had obtained money for financing such plan. The lessees desired the premises for parking automobiles and this necessitated removal of the buildings and leveling the land. This accounts for the deposit of $1,250. When, by default of the lessee Davis, the lessor had to retake possession, the premises were unfitted for rental except for the purposes for which they had been prepared, and, inasmuch as the lessee was conducting an automobile sales business on the adjoining property, there was small likelihood of rental by other parties, unless and until the premises were improved and made suitable for some other purpose. This damage occasioned by the breach of the lessee was not waived nor right to retention of the stipulated damages precluded by the summary proceeding.

The judgment is reversed, with costs, and without a new trial.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.